IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ACADIA INSURANCE Co.,

    Plaintiff/Counter-Defendant,

vs.                                                                               Civ. No. 12-1028 MCA/CG

D.R.HORTON, INC.,
DRH SOUTHWEST CONSTRUCTION, INC.,

    Defendants/counter-Plaintiffs,

and

BITUMINOUS CSAUALTY CORPORATION and
JOHN DOE, Insurance Companies,

    Defendants.

## ORDER ON MOTION TO CLARIFY DISCOVERY ORDER

**THIS MATTER** is before the Court upon Plaintiff Acadia Insurance Company's ("Acadia") *Motion to Clarify Discovery Order* ("Motion to Clarify"), filed on December 18, 2013, (Doc. 63). Defendants D.R. Horton, Inc. and DRH Southwest Construction, Inc. (collectively "Horton") filed their response on January 15, 2014, (Doc. 73), and Acadia filed its reply on January 29, 2014, (Doc. 79).

In its Motion to Clarify, Acadia moves the Court to clarify a discovery order, (Doc. 46), issued on September 6, 2013 ("September 6 Order"), by United States Magistrate Judge Alan Torgerson, to whom this case was previously assigned. In his 21-page order, Judge Torgerson granted in part and denied in part a motion to compel discovery responses filed by Horton. (Doc. 46). The September 6 Order directed Acadia to supplement its answer to Interrogatory No. 7 and produce any documents in its possession that were responsive to Request for Production No. 1 by October 7, 2013.

(Doc. 46 at 17-18).  After a detailed analysis, Judge Torgerson concluded that Acadia had waived any privilege objections it may have had to these discovery requests because of their failure to assert such objections in a timely manner, and did not demonstrate good cause for their failure to do so.  (Doc. 46 at 15-17).

In its Motion to Clarify, Acadia moves the Court to clarify four issues that were purportedly not addressed by the September 6 Order, specifically as to Interrogatory No. 7 and Request for Production No.1.  (See generally, Doc. 63).  The four issues that Acadia raises are:

1) Whether the September 6 Order is limited in time with respect to Acadia's investigation;

2) That the "purportedly limited waiver" of privilege has a broad effect when considered in the context of other discovery;

3) The September 6 Order does not distinguish between three distinct privileges asserted with respect to Acadia's claims files; and

4) The September 6 Order does not make a ruling on a request for a protective order.

(Doc. 63 at 1-2).

In its response, Horton argues that Acadia's Motion to Clarify is untimely and without support.  (Doc. 73 at 1).  Horton further asserts that Acadia "is bringing non-issues to the Court to confuse the Court and act as if there is a need for clarification where there is not to bolster Acadia's real desire, that is, to have the Court reverse its September 6, 2013 Order." (Doc. 73 at 2).    This Court agrees with Horton, and finds that the September 6 Order is clear and unambiguous.  The issues that Acadia maintains need to be clarified would be more appropriately addressed in an appeal of

the September 6 Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.[1] For example, this Court agrees that Judge Torgerson did not make any specific ruling on a request for a protective order, and though the extent to which Acadia made this request is debatable,[2] the lack of a specific ruling in the September 6 Order would not be a matter for mere clarification. If Acadia felt that the Court failed to make a necessary ruling, it should have timely objected to the September 6 Order.

More importantly, Acadia's Motion to Clarify is untimely. As justification for filing the untimely Motion to Clarify, Acadia represents that the need for clarification became apparent only following its supplemental discovery responses. (Doc. 79 at 4). However, the Motion to Clarify was filed on December 18, 2013, more than three months after the September 6 Order was filed and two months after Horton alerted Acadia to its dissatisfaction with the supplemental discovery that Acadia provided on October 7, 2013. (Doc. 73-1 at 8). The Court does not find this to be a compelling reason to review the September 6 Order. If Acadia genuinely believed that the September 6 Order needed clarification, it could not have filed a motion months earlier. The timing of the Motion to Clarify, and the arguments contained therein, do not support a finding that the delay is excusable or that there is good cause to clarify the September

---

[1] "A party may serve and file objections to [a nondispositive pretrial] order within 14 days after being served with a copy . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). Acadia is clearly time-barred from filing an appeal of the September 6 Order; the Court believes that Acadia's choice to style its motion as a Motion to Clarify is an attempt to circumvent this rule.

[2] *See* Doc. 35 at 5-6 (where after Acadia asserts that certain requested information is privileged, it "asks that this Court enter its order protecting it from disclosure of its claims files, particularly claims notes, documentation between claims representatives and counsel, and any other written matter which involves discussion and analysis . . . ."). The Court questions whether this one paragraph can honestly be construed as a Motion for a Protective Order and not simply an argument that this material is privileged, which was fully and comprehensively addressed in the September 6 Order.

6 Order.  Additionally, the authorities cited by Acadia in its reply are distinguishable from the instant case.

**IT IS THEREFORE ORDERED** that Acadia's *Motion to Clarify Discovery Order*, (Doc. 63), is **DENIED**.  Furthermore, the parties are advised that failure to comply with the Court's discovery orders may be grounds for dismissal.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDG